IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS A. RIVERA-MELÉNDEZ, ET AL., | |
| Plaintiffs, | |
| v. | CIVIL NO.: 10-1012 (MEL) |
| PFIZER PHARMACEUTICAL, INC. | |
| Defendant. | |

**OPINION AND ORDER**

**I.     PROCEDURAL HISTORY**

On August 31, 2010, plaintiff Luis A. Rivera-Meléndez ("plaintiff" or "Rivera-Meléndez") and the conjugal partnership comprised of him and his wife (the "Rivera-Otero conjugal partnership") filed a second amended complaint (the "amended complaint") in the present action against plaintiff's employer, Pfizer Pharmaceuticals, Inc. ("defendant" or "Pfizer"), asserting claims pursuant to: (1) the Uniformed Services Employment and Reemployment Right Act ("USERRA"), 38 U.S.C. §§ 4301-4335; and (2) Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141-5142.[1]  (Docket No. 58.)  Defendant filed its answer to the amended complaint on September 3, 2010.  (Docket No. 66.)

---

[1] While the amended complaint identifies the Rivera-Otero conjugal partnership as a plaintiff, it fails to articulate what claims the conjugal partnership is asserting. (Docket No. 58.) In its opposition to this motion, plaintiff states that the conjugal partnership may bring derivative claims for emotional damages under both USERRA and Articles 1802 and 1803 of the Civil Code. (Docket No. 70, pp. 10-11.) Assuming, for the sake of argument, that plaintiff's amended complaint sufficiently pleads such causes of action, the court addresses said claims herein in Section III, C.

1

Pending before the court is defendant's motion to dismiss plaintiff's claim under Articles 1802 and 1803 and the Rivera-Otero conjugal partnership's derivative claims pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"), plaintiff's opposition, and defendant's reply. (Docket Nos. 67; 70; 73.)

## II.   FACTUAL BACKGROUND

Plaintiff, a veteran of the United States Navy, claims that he was discriminated and retaliated against by his employer Pfizer, on account of his military status and service. (Docket No. 58.) Plaintiff was hired by Pfizer in 1994, and had attained the position of API Group leader prior to being called to active duty in December 2008. (Docket No. 58, ¶¶ 8, 12.) Plaintiff alleges that upon informing his supervisor of his military duty, she questioned his request for leave and later denied that she had received written notice of his absence for pre-deployment training. (Docket No. 58, ¶¶ 14, 22.) Rivera-Meléndez claims that his supervisor also became angry after he informed her that an attorney had advised him of his right to receive compensation for his two-week absence due to the training. (Docket No. 58, ¶ 19.) In March 2009 – while plaintiff was still deployed – Pfizer underwent a restructuring and plaintiff's position was eliminated. (Docket. No. 58, ¶ 30.) Plaintiff alleges that he was never informed of the restructuring or the creation of a new supervisory position. (Docket. No. 58, ¶¶ 30, 32.) After plaintiff was honorably discharged from the Navy in October 2009, he requested that he be reinstated at Pfizer. (Docket. No. 58, ¶¶ 33-34.) According to the amended complaint, he was then informed that his position had been eliminated and that he was being reinstated at the lower classification of Senior API Operator, with the same salary as his position prior to deployment. (Docket. No. 58, ¶ 35.) Plaintiff maintains that he then requested – and was denied – a position substantially equivalent to his classification prior to deployment, to be

granted raises accrued during his absence, and to receive a year-end bonus for 2009. (Docket. No. 58, ¶¶ 36-37.)

### III. LEGAL ANALYSIS

#### A. Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Standard

In <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." <u>Rodriguez-Ortiz v. Margo Caribe, Inc.</u>, 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting <u>Twombly</u>, 550 U.S. at 599). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. <u>See</u> <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 51 (1st Cir. 1990). While <u>Twombly</u> does not require of plaintiffs a heightened fact pleading of specifics, it does require enough facts to have "nudged their claims across the line from conceivable to plausible." <u>Twombly</u>, 550 U.S. at 570. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." <u>Id.</u> at 555.

In <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court upheld <u>Twombly</u> and clarified that two underlying principles must guide this court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. <u>See</u> <u>Iqbal</u>, 129 S.Ct. at 1949-50. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 129 S.Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for

relief survives a motion to dismiss."[2] Iqbal, 129 S.Ct. at 1950 (citing Twombly, 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. Iqbal, 129 S.Ct. at 1950. Determining the existence of plausibility is a "context-specific task" which "requires the court to draw on its judicial experience and common sense." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." Id. at 1950-51 (citing Twombly, 550 U.S. at 567).

### B. Plaintiff's Articles 1802 and 1803 Claim

It is well-settled that the provisions of the Civil Code are supplementary to special legislation. See Barreto v. ITT World Directories, Inc., 62 F. Supp. 2d 387, 393 (D.P.R. 1999) (citing Rosario v. Atlantic Southern Ins. Co., 95 P.R. Offic. Trans. 742, 747 (1968); Berrocales v. Tribunal Superior, 102 P.R. Dec. 224, 226 (1974); Rivera de Vincenti v. Colon, 3 P.R. Offic. Trans. 778 (1975)). Thus, in the labor and employment context, "to the extent that a specific labor law covers the conduct for which a plaintiff seeks damages, he is barred from using that same conduct to also bring a claim under Article 1802." Rosario v. Valdes, 2008 U.S. Dist. LEXIS 13113, at *5 (D.P.R. Feb. 21, 2008). Additional claims under Articles 1802 or 1803 may only be brought by an employee-plaintiff if they are based on "tortious or negligent conduct distinct from that covered by the specific labor law(s) invoked." Id. Courts have therefore dismissed claims under Articles 1802 and 1803 where plaintiffs have failed to allege any independent basis to support such claims. See, e.g., Rosario, 2008 U.S.

---

[2] The First Circuit has recently relied on these two principles as outlined by the Supreme Court. See Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009).

4

Dist. LEXIS 13113, at *5-*6; Martinez-Buitrago v. Instituto Psicoterapeutico De P.R., 2010 U.S. Dist. LEXIS 83660, at *8 (D.P.R. Aug. 13, 2010); Cosme v. Rodriguez, 2010 U.S. Dist. LEXIS 58145, at *3 (D.P.R. June 10, 2010); Perez v. Scotiabank of P.R., 2010 U.S. Dist. LEXIS 46385, at *24 (D.P.R. May 11, 2010); Suarez v. Venator Group, Inc., 2009 U.S. Dist. LEXIS 107190, at *9-*10 (D.P.R. Nov. 17, 2009). Cf. Reyes v. Goya of P.R., Inc., 632 F. Supp. 2d 142, 146 (D.P.R. 2009) (Article 1802 claim not dismissed because it did not hinge on same facts underlying USERRA claim).

In the present case, plaintiff does not assert any specific labor law claims under state law, but rather – other than the general tort claim subject to the present motion – brings only a single cause of action under USERRA, a federal statute prohibiting an employee's military status from being a motivating factor in actions against him and the denial of employment benefits to a member of the armed service due to his military obligation. 38 U.S.C. § 4311. See Barreto, 62 F. Supp. 2d at 390. Plaintiff does not contest that he could have brought claims under Act 203, P.R. Ann. tit. 29, § 735, et seq.[3] (Docket No. 70, p. 5.) In pertinent part, this statute – entitled "Bill of Rights of the Puerto Rican Veteran for the 21st Century" – provides that corporate entities such as Pfizer have the obligation:

> to reinstate a veteran or reservist to the same position or work he/she was performing before he/she was called to active service or voluntarily joined the Armed Forces, or to an equal or similar position, if the veteran formally requests his employer to do so within one hundred and eighty (180) days following his/her honorable discharge from the Armed Forces. If such a position does not exist, the veteran shall have placement priority in another position with the company or government agency, and the

---

[3] Although defendant proposes that plaintiff could also have brought a cause of action under Act 62 (Docket Nos. 67, p. 2.; 73, p. 2), that statute applies only to members of the "Military Forces of Puerto Rico," defined elsewhere as the "National Guard of Puerto Rico and any other military force organized under the laws of the Commonwealth of Puerto Rico." P.R. Laws Ann. tit 25, §§ 2002, 2084. As plaintiff served in the United States Navy, Act 62 is inapplicable.

>employer shall be responsible for doing everything possible to train or retrain the veteran.

Id. at § 737.

Companies and individuals who hinder or act so as to affect the rights of the members of the Armed Forces or the veteran shall be liable for the damages caused to the soldier or veteran, including the payment of attorney's fees and compensation up to three times the damages caused to the veteran. Id. at § 742. As Act 203 is a specific labor statutory provision under state law that covers the conduct on which plaintiff's suit is premised, plaintiff's claim under Articles 1802 and 1803 must therefore be based on conduct distinct from that which "hinder[s] or act[s] so as to affect" plaintiff's rights as a member of the Armed Forces.[4] Id.

Yet, as defendant contends, plaintiff does not allege any distinct tortious conduct in support of his Article 1802 and 1803 claims. (Docket Nos. 58; 67, pp. 4, 6-8; 73, pp. 5-7.) Nowhere in the amended complaint does plaintiff set forth an independent basis for his causes of action under Article 1802 and 1803, instead blanketly incorporating the same factual allegations used to support the USERRA claim. (Docket No. 58, ¶¶ 51-56.) Indeed, while plaintiff claims to identify eight facts independent of the discrimination claim (Docket No. 70, pp. 9-10), a cursory review disposes of this argument since the proposed facts deal squarely with allegations of discrimination against plaintiff by defendant on account of his military status: five concern the reaction of plaintiff's supervisor to plaintiff's request for compensation for time missed due to pre-deployment training, two concern the elimination of plaintiff's position while plaintiff was deployed and the fact that plaintiff was not

---

[4] To allow a plaintiff to evade the requirement of pleading distinct tortious or negligent conduct in support of claims under Article 1802 and 1803 simply by not bringing a claim under the state counterpart to a federal discrimination statute would be nonsensical. Moreover, it would run counter to the long-standing principle that "[a] special law governing a specific matter prevails over a general law." Córdova & Simonpietri v. Crown American, 12 P.R. Offic. Trans. 1003 (1982).

given the opportunity to request a supervisory position, and one concerns the non-payment of a year-end bonus for 2009, during much of which plaintiff was deployed. (Docket No. 70, pp. 9-10.) Accordingly, the court GRANTS defendant's motion to dismiss plaintiff's claim under Articles 1802 and 1803.

### C.  Conjugal Partnership

Plaintiff asserts that the Rivera-Otero conjugal partnership may bring derivative claims for emotional damages under USERRA and Articles 1802 and 1803 of the Civil Code. (See n.1); (Docket No. 70, pp. 10-11.) However, neither cause of action provides the conjugal partnership with an avenue to bring such a derivative claim. First, plaintiff's Articles 1802 and 1803 claims are dismissed herein and therefore cannot serve as the basis for a derivative claim. See Ocasio Berrios v. Bristol Myers Squibb, Inc., 51 F. Supp. 2d 61, 65 (D.P.R. 1999) ("a person's cause of action in tort is contingent upon his relative's cause of action under the employment discrimination statute.") Furthermore, USERRA does not allow for the recovery of damages for mental anguish, pain or suffering. See 38 U.S.C. § 4323(d); Barreto, 62 F. Supp. 2d at 394-96 (in case brought under USERRA and Act 62 – which do not provide for damages award – "it would be ludicrous for plaintiff's spouse to be entitled to greater benefits than [plaintiff] himself would be entitled to.") Therefore, the Rivera-Otero conjugal partnership's derivative claims under USERRA and Articles 1802 and 1803 of the Civil Code are hereby DISMISSED.

### IV.  CONCLUSION

In view of the foregoing, the court hereby GRANTS defendant's motion to dismiss (Docket No. 67) plaintiff's claims under Articles 1802 and 1803. The court also GRANTS defendant's motion

to dismiss the Rivera-Otero conjugal partnership's derivative claims under USERRA and Articles 1802 and 1803 of the Civil Code.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 19th day of October, 2010.

s/Marcos E. López
United States Magistrate Judge
