IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS A. RIVERA-MELÉNDEZ, et al.,

Plaintiffs,

v.

CIVIL NO.: 10-1012 (MEL)

PFIZER PHARMACEUTICAL, INC.

Defendant.

**OPINION AND ORDER**

Pending before the court is Pfizer Pharmaceuticals, Inc.'s ("defendant" or "Pfizer") motion to dismiss plaintiff's claim under the Uniformed Services Employment and Reemployment Right Act ("USERRA"), 38 U.S.C. §§ 4301-4335, for failure to inform him of several job positions or openings while he was on military leave. (Docket No. 79). Plaintiff Luis A. Rivera-Meléndez ("Rivera-Meléndez") has filed a response in opposition. (Docket No. 85).

Pfizer claims that plaintiff has failed to allege that "Pfizer contacted other similarly situated employees who were not on military leave." (Docket No. 79 at p.6). Defendant, however, also claims that the complaint fails to allege that "Pfizer generally provides such 'benefit' (i.e., contacts other employees on furlough or leave of absence) to other similarly situated employees on furlough or leave of absence." (Docket No. 79 at p.5). Therefore, under Pfizer's reasoning, if the complaint fails to allege that the "benefit" of contacting employees about job openings was offered to employees not on military leave, it should be dismissed, and if the complaint fails to allege that said "benefit" was offered to employees on military leave, it should be dismissed too. Following Pfizer's logic, then it should not matter whether the complaint specifies that those that were contacted were

indeed on leave or not. And in fact, the complaint does not, although indulging all reasonable inferences in plaintiff's favor, the most natural reading of the complaint suggests that the other employees that were notified of various job openings were not on active military duty. (Docket No. 58, ¶30).

Pfizer relies on 20 C.F.R. §1002.150 to emphasize that failure to allege that Pfizer provides the "benefit" of contacting employees about vacancies or job openings to employees on leave is dispositive of plaintiff's claim.[1] Moreover, Pfizer claims that in fact it does not provide such "benefit" to employees on leave, although this argument would be better addressed in a motion for summary judgment. (Docket No. 79 at p.5). Pfizer's reliance on 20 C.F.R. §1002.150, however, is misplaced because it fails to properly address the underlying issue in controversy, namely whether under USERRA Pfizer has the duty to contact employees on military leave about job openings, vacancies or promotions. If indeed Pfizer does have such duty under USERRA, the fact that Pfizer equally fails to fulfill its duty with all its employees on military leave does not mean that plaintiff does not have a valid claim.

The case of <u>Vega-Colón v. Wyeth Pharmaceuticals</u>, 625 F.3d 22 (1st Cir. 2010) cited by Pfizer is clearly distinguishable from the circumstances at bar. Restricting access to the business premises while on leave cannot be deemed a denial of a benefit of employment under USERRA because while on leave an employee has no need to access the working site. <u>Id</u>. at 31. A more subtle question, however, is whether an employee should be notified about a vacancy or job opening while he is on leave, particularly as it is unclear from the allegations of the complaint whether these job

---

[1] In its pertinent part, 20 C.F.R. §1002.150(a) states the rights and benefits "include those rights ... that become effective during the employee's period of service and that are provided to similarly situated employees on furlough or leave of absence."

2

positions had to be filled immediately or after plaintiff would return from Iraq.  As Pfizer correctly notes, plaintiff alleges "that by not contacting him while on leave, Pfizer deprived him of the opportunity to apply for the position."  (Docket No. 79 at p.6).

> Under USERRA,
>
> [a]s a general rule, the employee is entitled to reemployment in the job position that he or she would have attained with reasonable certainty if not for the absence due to uniformed service.  This position is known as the escalator position.  The principle behind the escalator position is that, if not for the period of uniformed service, the employee could have been promoted (or, alternatively, demoted, transferred, or laid off) due to intervening events.  The escalator principle requires that the employee be reemployed in a position that reflects with a reasonable certainty the pay, benefits, seniority, and other job perquisites, that he or she would have attained if not for the period of service.  <u>Depending upon the specific circumstances, the employer may have the option, or be required</u>, to reemploy the employee in a position other than the escalator position.

20 C.F.R. §1002.191 (emphasis added).

> A reasonable certainty is a high probability that the employee would have received the seniority or seniority-based right or benefit if he or she had been continuously employed.  The employee does not have to establish that he or she would have received the benefit as an absolute certainty.  <u>The employee can demonstrate a reasonable certainly that he or she would have received the seniority right or benefit by showing that other employees with seniority similar to that which the employee would have had if he or she had remained continuously employed received the right or benefits</u>.  The employer cannot withhold the right or benefit based on an assumption that a series of unlikely events could have prevented the employee from gaining the right or benefit.

20 C.F.R. §1002.213 (emphasis added).

Plaintiff claims that in "March, 2009, defendant informed the team leaders (except plaintiff Rivera-Meléndez) that it was restructuring and eliminating their classification, but 7 supervisory positions and 4 as service coordinator positions would be created."  (Docket No. 58, ¶30). Therefore, plaintiff appears to allege that had it not been for the fact that he was active on military

3

duty, he would have been notified, as were other team leaders similarly situated to himself, of not only the elimination of his classification, but also of the creation of eleven new positions.[2]  Plaintiff, however, now has the burden of showing that had he been notified, with a reasonable degree of certainty he would have applied to and obtained the pay, benefits, seniority, and other job perquisites ("attained if not for the period of service") of one of the eleven positions created.  This is necessarily a fact-driven determination that is not ripe to be made at this stage of the proceedings.   "Depending upon the specific circumstances, the employer may have the option, or be required, to reemploy the employee in a position other than the escalator position."  20 C.F.R. §1002.191.  Therefore, the issue of notification is necessarily intertwined with the issue of reemployment.  A failure to notify, in and of itself, does not necessarily amount to a USERRA violation, but it may.  Perhaps this issue can be revisited in the context of a motion for summary judgment.

WHEREFORE, Pfizer's second motion to dismiss (Docket No. 79) is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of March, 2011.

s/Marcos E. López<br>United States Magistrate Judge

---

[2]  The complaint also alleges that Rivera-Meléndez was an "API Group Leader" at Pfizer when he was deployed in December 2008 to Iraq on active military duty and that he did not return from Iraq until October 2009. (Docket No. 58, ¶¶8, 9, 12).